UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:25-CV-00050-HBB

LANA W.[1]                                                               PLAINTIFF

VS.

FRANK BISIGNANO,
COMMISSIONER OF SOCIAL SECURITY[2]                        DEFENDANT

**MEMORANDUM OPINION
AND ORDER**

### I.     BACKGROUND

Before the Court is the Complaint (DN 1) of Lana W. ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Plaintiff filed an initial brief (DN 13), Defendant filed a brief in response (DN 17) and Plaintiff filed a brief in reply (DN 18). For the reasons that follow, the final decision of the Commissioner is **AFFIRMED**.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 9). By Order entered August 18, 2025 (DN 10), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

---

1 Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.
2 Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted as the defendant in this suit.

## II.     FINDINGS OF FACT

On May 10, 2022, Plaintiff protectively filed an application for Disability Insurance Benefits (Tr. 66). Plaintiff alleged that she became disabled on September 14, 2021, as a result of spinal stenosis, degenerative disc disease, bone spurs, and arthritis (Tr. 110, 118). The application was denied initially on September 26, 2022, and upon reconsideration on November 10, 2022 (Tr. 66, 109, 117).[3] On November 23, 2022, Plaintiff filed a written request for hearing (Tr. 60, 135).

Administrative Law Judge Steven Collins ("ALJ") conducted a telephonic hearing on August 10, 2023 (Tr. 66). Plaintiff and her non-attorney representative, Brian McQuiston, participated in the telephonic hearing (*Id.*). Jackie B. Rogers, an impartial vocational expert, testified during the telephonic hearing (*Id.*).

In a decision dated December 20, 2023, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 66-77). The ALJ began by noting that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2027 (DN 68). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since September 14, 2021, the alleged onset date (*Id.*). At step two, the ALJ determined that Plaintiff has the following severe impairments: lumbar degenerative disc disease and obesity (*Id.*). The ALJ also determined that Plaintiff's anxiety is a non-severe impairment (Tr. 69-70). At the third step, the ALJ concluded that Plaintiff does not

---

3 The ALJ indicates the application was denied upon reconsideration on November 14, 2022 (Tr. 66). As the Disability Determination and Transmittal form indicates November 10, 2022 (Tr. 117), the undersigned has used that date.

have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 70-71).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) except she can lift/carry up to twenty pounds occasionally and up to ten pounds frequently; she can sit six hours in an eight hour workday; she can stand and/or walk six hours in an eight hour workday; she can occasionally climb ramps and stairs; she cannot climb ladders, ropes, or scaffolding; she can frequently balance; she can occasional stoop, kneel, crouch, and crawl; and she should avoid concentrated exposure to vibration, dangerous machinery and unprotected heights (Tr. 71).

At step four, the ALJ determined that Plaintiff is capable of performing her past relevant work as a lab technician food tester (Tr. 75). At step five, the ALJ considered Plaintiff's RFC, age, education, and past work experience as well as testimony from the vocational expert (Tr. 75-76). The ALJ found that Plaintiff is also capable of performing a significant number of jobs that exist in the national economy (*Id.*). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from September 14, 2021, through the date of the decision, December 20, 2023 (Tr. 77).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 209-11). The Appeals Council denied Plaintiff's request for review (Tr. 28-30).

### III.    CONCLUSIONS OF LAW

#### A.    Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); *Cotton*

*v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993); *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. *Landsaw v. Sec'y of Health & Hum. Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton*, 2 F.3d at 695 (quoting *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Cohen v. Sec'y of Health & Hum. Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 28-30). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton*, 2 F.3d at 695-96.

   **B.**  **The Commissioner's Sequential Evaluation Process**

The Social Security Act authorizes payment of Disability Insurance Benefits to persons with disabilities. 42 U.S.C. § 401 et seq. (Title II Disability Insurance Benefits). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 423(d)(1)(A) (Title II); *Barnhart v. Walton*, 535 U.S. 212, 214 (2002); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. § 404.1520. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the RFC to return to his or her past relevant work?

5) Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

20 C.F.R. § 404.1520(a)(4)(i)-(v). Here, the ALJ denied Plaintiff's claim at the fourth step.

### C. **Plaintiff's Claims**

#### 1. *Failure to Include Mental Limitations in RFC*

Plaintiff argues the ALJ erred as a matter of law by failing to include mental limitations in the RFC and failed to explain the reason for this omission (DN 13 PageID # 552-56; DN 14 PageID # 564-65). Defendant responds an ALJ is not required to include a mild mental functional limitation in an RFC finding (DN 17 PageID # 574-85). In reply, Plaintiff asserts that even though inclusion of a mild mental limitation is not automatically required, the ALJ has a duty to at least explain why the RFC does not contain a mental limitation (DN 18 PageID # 591-95).

5

At the initial and reconsideration levels, the state agency medical consultants opined that Plaintiff did not have a medically determinable mental impairment (Tr. 115-16, 123-24). At step two the ALJ relied on diagnostic assessments, in records provided by Interventional Pain Specialist and Graves Gilbert Clinic, to find that Plaintiff's situational anxiety is a medically determinable mental impairment (Tr. 69-70) (citing Tr. 365, 368, 371, 372, 383).[4] The ALJ then relied on function reports, submitted by Plaintiff and her husband, to conclude that Plaintiff's anxiety is not severe within the meaning of the regulations because it causes a mild limitation in only one and no limitation in the other three broad functional areas that are known as the "paragraph B" criteria (Tr. 69-70) (citing Tr. 236-44, 266-68, 277-84, 285-92, 293-95).[5] The ALJ then differentiated the above functional limitations from the mental RFC assessment, used at steps four and five, which requires a more detailed assessment (Tr. 70). The ALJ indicated that the following RFC assessment "reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis" (Id.).

In connection with his RFC determination in Finding No. 5, the ALJ considered the opinions of the State agency psychological consultants who opined that Plaintiff did not have a

---

[4] At step two in the sequential evaluation process a claimant must demonstrate she suffers from a "severe medically determinable physical or mental impairment that meets the duration requirement . . . or a combination of impairments that is severe and meets the duration requirement . . ." 20 C.F.R. § 404.1520(a)(4)(ii); Social Security Ruling 16-3p, 2017 WL 5180304, at *11 (Oct. 25, 2017); *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam).

[5] To satisfy the "severe" requirement a claimant must demonstrate the impairment or combination of impairments "significantly limit" her physical or mental ability to do "basic work activities." 20 C.F.R. § 404.1522(a). The determination whether a mental condition "significantly limits" a claimant's ability to do one or more basic work activities is based upon the degree of functional limitation in four broad functional areas that are known as the "paragraph B" criteria. 20 C.F.R. § 404.1520a(c)(3); 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00E. They are: "Understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself." 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3). The four areas of mental functioning are evaluated on the following five-point rating scale: "None, mild, moderate, marked, and extreme." 20 C.F.R. §§ 404.1520a(c)(4), 416.920a(c)(4). If the four areas of mental functioning are rated as "none" or "mild," the ALJ will generally conclude that the claimant's impairment is not "severe," unless the evidence otherwise indicates that there is more than a minimal limitation in the claimant's ability to do basic work activities. 20 C.F.R. § 404.1520a(d)(1).

medically determinable mental impairment (Tr. 75) (citing Tr. 115-16, 123-24). The ALJ then commented, "[t]he undersigned notes there is reference to an anxiety diagnosis in the record (Exhibit 1F), although no evidence of documented treatment, offering a more persuasive conclusion of a medically determinable impairment that is not a severe impairment" (*Id.*).

In sum, the ALJ decided that Plaintiff's mental impairment was mild enough not to require specific RFC limitations. Substantial evidence in the record supports the ALJ's determination. Moreover, the ALJ's finding is supported by district court holdings within the Sixth Circuit. *See Chastity M. v. Kijakazi*, No. 1:23-CV-00016-HBB, 2024 WL 102613, at *5 (W.D. Ky. Jan. 9, 2024); *Little v. Comm'r of Soc. Sec.*, No. 2:14-cv-532, 2015 WL 5000253, at *13-14 (S.D. Ohio Aug. 24, 2015) (finding no error where the ALJ did not include RFC limitations to address findings of mild mental limitations); *Caudill v. Comm'r of Soc. Sec.*, No. 2:16-CV-818, 2017 WL 3587217, at *5 (S.D. Ohio Aug. 21, 2017) (finding that mental impairments which cause no more than mild limitation in three of the functional areas and no limitation in the fourth functional area supplies substantial evidence supporting ALJ's decision not to include mental limitations in plaintiff's RFC); *Walker v. Astrue*, No. 3:11-cv-142, 2012 WL 3187862, at *5-6 (S.D. Ohio Aug. 3, 2012) (finding substantial evidence supported the ALJ's determination that plaintiff's mental impairments were mild enough not to warrant specific RFC limitations). For the above reasons, Plaintiff is not entitled to relief on her challenge to the ALJ's findings concerning her mental impairment.

### 2. *Failure to Adequately Evaluate Dr. Cook's Opinion*

Plaintiff asserts that the ALJ, in assessing the persuasiveness of Dr. Cook's medical opinion, failed to consider the supportability and consistency of the opinion (DN 13 PageID #558-61; DN 14 PageID # 565-66). Defendant responds that the ALJ sufficiently evaluated Dr. Cook's

medical opinions by considering the supportability and consistency of the opinion (DN 17 PageID # 585-88).  In reply, Plaintiff reiterates that the ALJ inadequately assessed Dr. Cook's opinions which resulted in a fatally flawed RFC (DN 18 PageID # 595-96).

The regulations explicitly indicate "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s),"[6] in the record, even if it comes from a treating medical source.  20 C.F.R. § 404.1520c(a).[7]  Instead, ALJs evaluate the "persuasiveness" of medical opinions and prior administrative medical findings by utilizing the five factors listed in paragraphs (c)(1) through (c)(5) of the regulation.  20 C.F.R. § 404.1520c(a) and (b).  The five factors are supportability, consistency, relationship with the claimant, specialization, and other factors.  20 C.F.R. § 404.1520c(c)(1)-(5).[8]  Of these five factors, the two most important are supportability and consistency.  20 C.F.R. § 404.1520c(a) and (b)(2).  Further, the regulation requires ALJs to explain how they considered the supportability and consistency factors in determining the persuasiveness of the medical source's opinion.  20 C.F.R. § 404.1520c(b)(2).  Notably, under the regulations ALJs "may, but are not required to, explain how" they considered the three other factors in determining the persuasiveness of the medical source's opinion.  20 C.F.R. § 404.1520c(b)(2).

---

6 At the initial and reconsideration levels, state agency medical and psychological consultants review the evidence in the case record and make "administrative medical findings."  20 C.F.R. §§ 404.1513a(a)(1), 416.913a(a)(1).  ALJs "must consider" the administrative medical findings of non-examining state agency medical or psychological consultants according to the new regulation.  20 C.F.R. §§ 404.1513a(b)(1), 416.913a(b)(1).

7 The language quoted above indicates that the regulation has done away with the controlling weight rule in 20 C.F.R. § 404.1527(c)(2).

8 In assessing the relationship with the client, consideration should be given to the following: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship.  20 C.F.R. § 404.1520c(c)(3)(i)-(v).

> In pertinent part the ALJ's decision reads:
>
> Dr. Cook advised the claimant to limit bending, lifting, and twisting in April 2022. He also advised the claimant in January of 2022 she should remain off work and stated he did not think it was a bad idea for the claimant to file for Social Security disability (Exhibit 2F). The statement placing the claimant off work was not persuasive, as such statements are clearly intended to be short-term in nature. Restricting the claimant's bending, lifting, and twisting activities is generally persuasive, but the undersigned notes the restriction does not specifically state exactly how limited the claimant is with regards to these activities, although the undersigned notes such restrictions are not inconsistent with the residual functional capacity as set forth above. In July of 2022 Dr. Cook stated he advised the claimant should limit any bending, lifting, and twisting, which should continue indefinitely until a scheduled October 2022 follow-up appointment, at which time a functional capacity evaluation could be ordered for the claimant if appropriate (Exhibit 5F). This statement is also generally persuasive, noting it was consistent with the restrictions set forth by this provider in April of 2022 (Exhibit 2F), although still somewhat vague as it does not specifically state how limited the claimant is with regards to these activities.

(Tr. 74). First, Dr. Cook's opinion that Plaintiff should be "off work" is evidence that is "inherently neither valuable nor persuasive" because it is a statement on the issue of disability which is reserved for the Commissioner. 20 C.F.R. § 404.1520b(c)(3). Next, the ALJ found Dr. Cook's medical opinion—Plaintiff should limit bending, lifting, and twisting—only "generally persuasive" due to the doctor's failure to specify how limited Plaintiff is concerning these activities. District courts within the Sixth Circuit have held that in the context of assessing the persuasiveness of a medical opinion it is appropriate for an ALJ to consider an opinion's vagueness or its failure to provide specific functional limitations. *See e.g., Hunt v. Comm'r of Soc. Sec.*, No. 1:24-CV-01619-BMB, 2025 WL 1303482, at *12 (N.D. Ohio May 6, 2025), report and recommendation adopted, No. 1:24-CV-01619, 2025 WL 1456242 (N.D. Ohio May 21, 2025); *Maldonado v. Comm'r of Soc. Sec.*, No. 1:24-CV-00415, 2025 WL 1104886, at *22 (N.D. Ohio Apr. 14, 2025). Additionally, to the extent Plaintiff suggests certain evidence was not expressly

discussed by the ALJ, the Court notes that the ALJ is not required to discuss or cite to every piece of evidence in evaluating medical opinions. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006). Notwithstanding, the ALJ did not mention Dr. Cook's November 22, 2021, statement indicating Plaintiff may need a lumbar fusion in the future and "she will likely have significant pain and disability with or without surgery with the type of work that she does" (Tr. 417). The ALJ's failure to discuss this statement is harmless because it is speculative and concerns the issue of disability which is reserved for the Commissioner. 20 C.F.R. § 404.1520b(c)(3). Consequently, the ALJ's findings concerning the persuasiveness of Dr. Cook's opinions comport with applicable law and are supported by substantial evidence. Moreover, the RFC set forth in Finding No. 5 is supported by substantial evidence in the record.

## IV.   CONCLUSION

As the Court noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion . . ." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citation modified). Regardless of how this Court may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Rather, this Court is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law. *Id.* After reviewing the record, the Court concludes that the ALJ's determination is supported by substantial evidence in the record and correctly followed the applicable law. Therefore, Plaintiff is not entitled to relief with regard to her challenge.

## V.  ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

February 23, 2026

*H. Brent Brennenstuhl*
H. Brent Brennenstuhl
United States Magistrate Judge

Copies:     Counsel